UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FILOMENA RUSSO,

              Plaintiff,

                                                  **COMPLAINT**
                                                  **JURY TRIAL DEMANDED**

-against-

WYANDANCH UNION FREE SCHOOL DISTRICT
and PAUL SIBBLIES, in his individual capacity,

              Defendants.
-------------------------------------------------------------------x

Plaintiff, Filomena Russo, (hereinafter "Plaintiff") by her attorneys, SLATER SLATER SCHULMAN LLP hereby submits this Complaint and complains of the Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII") and 42 U.S.C. § 1983. Plaintiff seeks damages to redress the injuries she suffered because of being exposed to sexual discrimination, sexual harassment, and a hostile work environment.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief, occurred within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

4. On or around January 24, 2020, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") against Defendant employer as set forth herein.

5. On or about April 23, 2021, the EEOC mailed a Right to Sue Letter to Plaintiff.

6. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## PARTIES

7. Filomena Russo is an individual female residing in Suffolk County, New York.

8. Defendant Wyandanch Union Free School District (Hereinafter "Defendant" and "Defendants") was and still is a New York State public-school district located in Wyandanch, New York.

9. Defendant Paul Sibblies (Hereinafter "Defendant" and "Defendants") is an individual male.

10. Defendant Sibblies is the Principal at Defendant School District.

11. Upon and information and belief Defendant Sibblies had authority regarding Plaintiff's day to day work experience and could make decisions regarding the terms and conditions of Plaintiff's employment. Additionally, Sibblies is charged with the responsibility of insuring that employees are not subjected to discriminatory practices.

12. Defendants are covered employers within the meaning of Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. 1983 and at all relevant times employed Plaintiff.

13. Plaintiff is a covered employee within the meaning of the Title VII, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. 1983 as she was a State employee at the time of her employment.

## FACTS

14. Defendants hired Plaintiff on or about September 2016.

15. Defendants hired Plaintiff as an English Language Arts teacher at Wyandanch Memorial High School.

16. At all relevant times, Defendant Sibblies was the Principal at Wyandanch Memorial High School.

17. For the first year, Plaintiff worked without complaints and received very complimentary evaluations.

18. Defendant Sibblies had a reputation that if he did not like an employee, he would retaliate against that employee and fire or transfer them.

19. For example, Plaintiff knew about an incident where Defendant Sibblies transferred a teacher because he did not approve of a schedule change she made.

20. On another occasion he told a teacher "I better never see you in this room together again or I'll send you home and take disciplinary actions."

21. Defendant Sibblies transferred teachers if they disagreed with his decisions.

22. Defendant Sibblies took paid positions away from teachers he did not like.

23. Defendant Sibblies repeated personal information about colleagues to embarrass them causing issues amongst the teachers.

24. Plaintiff knew of at least ten teachers who were treated in this manner by Defendant Sibblies.

25. As a result, Plaintiff felt compelled to abide by Defendant Sibblies demands.

26. On or about September 2017, Defendant Sibblies started harassing Plaintiff.

27. Defendant Sibblies began leering at Plaintiff and making comments about her appearance.

28. Defendant Sibblies never treated the male staff in this manner.

29. Defendant Sibblies began sending Plaintiff inappropriate and sexualized text messages.

30. On one occasion, Defendant Sibblies sent Plaintiff a video of a penis being groomed.

31. On another occasion, Defendant Sibblies sent Plaintiff a sexualized video of a woman eating ice cream.

32. Defendant Sibblies texted Plaintiff at 2:00AM asking her what she was doing and letting her know he cared about her with kissing faces.

33. Defendant Sibblies started inappropriately touching Plaintiff.

34. Defendant Sibblies would put his arm around Plaintiff's shoulder.

35. In the mornings, Plaintiff would stop by Defendant Sibblies' office to say good morning.

36. When she did, Defendant Sibblies would hug Plaintiff in a sexual way and rub her back.

37. Defendant Sibblies began to kiss Plaintiff on the mouth without her consent when she visited his office.

38. Defendant Sibblies expected Plaintiff to come into his office every morning.

39. When Plaintiff did not stop by in the morning, Defendant Sibblies would text Plaintiff asking:

    a. "Where are you?"

    b. "I haven't seen you this morning."

    c. "Are you mad at me?"

40. Plaintiff felt forced to visit Defendant Sibblies office every day for six months.

41. Defendant Sibblies never treated the male staff in this manner.

42. Defendant Sibblies often asked Plaintiff to pay for things from her own pocket without being reimbursed.

43. For example, Defendant Sibblies asked Plaintiff to make a donation to a student, pay for uniforms, sweatshirts and yearbooks.

44. In 2019, Plaintiff was the Senior Class Advisor for the senior class at Defendant employer.

45. In 2019, as the Senior Class Advisor, Plaintiff attended the senior trip with the senior class to Puerto Rico.

46. Defendant Sibblies asked Plaintiff to upgrade his flight to first class.

47. Plaintiff was never reimbursed for this expense.

48. Defendant Sibblies continued kissing Plaintiff on the mouth without her consent.

49. For example, Defendant Sibblies and Plaintiff attended a baseball game together.

50. At the end of the game, Defendant Sibblies kissed Plaintiff on the mouth without her consent.

51. Plaintiff was afraid of making a complaint against Defendant Sibblies in fear of being retaliated against and losing her job.

52. Plaintiff felt forced to abide by Defendant Sibblies' requests because of his supervisory authority over her and because she witnessed him retaliate against other teachers.

53. Defendant Sibblies was acting under color of state law and deprived the Plaintiff of a federal statutory right.

54. Plaintiff has pled specific, nonconclusory factual allegations to establish the participation of Defendant Sibblies.

55. As a result of Defendants' continued harassment, Plaintiff suffered numerous injuries including economic and emotional damages.

56. Due to the harassment by Defendants, Plaintiff suffers from high stress and anxiety.

57. Plaintiff suffered emotional pain, suffering, inconvenience, and other non-pecuniary losses.

58. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against Defendants.

59. The above are just some of the examples of unlawful conduct to which Defendants subjected Plaintiff to on an ongoing basis.

60. Defendants intentionally discriminated against Plaintiff based on her gender/sex.

61. Defendants exhibited a pattern and practice of discrimination.

62. Defendants exhibited a practice so persistent and widespread that it constitutes a custom or usage and implies the constructive knowledge of policymakers.

63. Defendant failed to properly train or supervise a municipal employee amounting to deliberate indifference to the rights of those with whom municipal employees will come into contact.

64. Defendant's official policy or custom caused the Plaintiff to be subjected to a denial of a constitutional right.

## AS A FIRST CAUSE OF ACTION
*(Title VII Hostile Work Environment, Gender and Sexual Discrimination Not Against Any Individual Defendant)*

65. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

66. Plaintiff was an employee within the meaning of Title VII of the Civil Rights Act, 42. U.S.C. § 2000e(f).

67. At all relevant times, Defendant employed in excess of fifteen (15) employees and was an employer within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e(b).

68. Pursuant to Title VII, 42 U.S.C. § 2000e-2(a) it is unlawful for an employer to discriminate against an employee because of such employee's "sex/gender".

69. Defendant violated Plaintiff's rights under Title VII when Defendant created and maintained a hostile work environment based on sex, sexual harassment, and sexual abuse.

70. Defendant's unlawful acts were intentional, willful, malicious and in reckless disregard of Plaintiff's rights.

71. As a result of Defendant's unlawful acts, Plaintiff suffered and continues to suffer damages, in form including, but not limited to, lost income, bonuses, lost future earnings and also suffered future pecuniary losses, severe emotional distress, mental anguish, humiliation, loss of enjoyment of life, pain and suffering, and other non-pecuniary losses.

## AS FOR THE SECOND CAUSE OF ACTION
*(Hostile Work Environment, and Gender and Sexual Discrimination and Harassment under 42 U.S.C. § 1983)*

72. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

73. Defendants, while acting under color of state law, deprived Plaintiff of her constitutional rights, as secured by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

74. The Defendants intentionally committed, condoned or were deliberately indifferent to the aforementioned violations of Plaintiff's constitutional rights in that the Defendants' custom or practice of discriminating against Plaintiff due to Plaintiff's sex to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

75. Defendants permeated the workplace with discriminatory intimidation, ridicule, and insult that was sufficiently severe or pervasive to alter the conditions of employment creating an abusive working environment.

76. Defendant's supervisor allowed the aforementioned discriminatory actions and/or acts of retaliation due to Plaintiff's sex, to perpetuate, without abatement, in violation of Plaintiff's constitutional and statutory rights pursuant to 42 U.S.C. § 1983.

### JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally in an amount to be determined at the time of trial plus interest, punitive damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: Melville, New York
June 1, 2021

                                      SLATER SLATER SCHULMAN LLP

                                      */s/ Ramsha S. Ansari*
                                      Ramsha S. Ansari, Esq.
                                      445 Broad Hollow Road, Suite 419
                                      Melville, New York 11747
                                      *Attorneys for Plaintiff*

**DEMAND TO PRESERVE EVIDENCE**

Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's causes of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.